[No. 19383.   Department One.—August 6, 1894.]

IN THE MATTER OF THE ESTATE OF EMILY R. YOAKAM, DECEASED.

NEW TRIAL—INSUFFICIENCY OF EVIDENCE—SPECIFICATIONS IN STATEMENT. The object of the specifications of the insufficiency of evidence required by the statute is to direct the attention of the court and adverse party to the particular point on which the evidence is claimed to be insufficient, and when this object is accomplished the specifications will be held sufficient.

ID.—ORDER GRANTING A NEW TRIAL—PRESUMPTION UPON APPEAL.—Upon appeal from an order granting a new trial under specifications of the insufficiency of the evidence to justify the verdict, where the record contains no statement of any of the evidence given at the trial, all intendments are in favor of the regularity of the action of the court below, and error will not be presumed.

APPEAL from an order of the Superior Court of Los Angeles County granting a new trial.

The facts are stated in the opinion.

*Clarence A. Miller*, for Appellant.

The specifications as to the sufficiency of the evidence do not properly, or at all, specify the particulars in which the evidence is alleged to be insufficient, and the motion for a new trial should therefore have been denied. (Code Civ. Proc., sec. 659; Hayne on New Trial and Appeal, sec..150; *Spotts* v. *Hanley*, 85 Cal. 165; *Baird* v. *Peall*, 92 Cal. 235; *Kelly* v. *Mack*, 49 Cal. 525; *Anthony* v. *Jillson*, 83 Cal. 299; *Menk* v. *Home Ins. Co.*, 76 Cal. 50; 9 Am. St. Rep. 158.)

*James McLachlan*, for Respondent.

The specifications are clearly sufficient, as they " direct the attention of the court and adverse party to the particular point on which the evidence is claimed to be insufficient." (*McCullough* v. *Clark*, 41 Cal. 304; *Strang* v. *Ryan*, 46 Cal. 42; *Newell* v. *Desmond*, 63 Cal. 245.)

BELCHER, C.—Emily R. Yoakam died in the county of Los Angeles, leaving an alleged last will, which was dated March 4, 1893. The respondents filed in the court below the said will and their petition, asking that the same be admitted to probate. In due time the appellant appeared, and contested the probate thereof upon the grounds, among others, that its execution was procured by the undue influence of certain persons, none of whom were named therein as legatees or executors. A general denial of all the allegations contained in the written grounds of opposition was filed by respondents.

By agreement, the issue as to the alleged undue influence in procuring the execution of the will was submitted to a jury, and by their verdict the jury found in favor of appellant on that issue.

Subsequently, on motion of respondents, the court made and entered its order granting a new trial of the contest, and from that order this appeal is prosecuted.

The notice of the motion for a new trial stated that the motion would be made upon the minutes of the court, and upon the ground that the evidence was insufficient to justify the verdict. Appellant contends—and this is the only point made for a reversal—that the notice did " not properly or at all specify the particulars in which the evidence was alleged to be insufficient, as required by subdivision 4 of section 659 of the Code of Civil Procedure, and that the motion should therefore have been denied."

The specifications contained in the notice are as follows:

" The evidence was insufficient to justify said verdict in this: The evidence showed that the said alleged will was signed by the testatrix in the presence of the subscribing witnesses thereto on the fourth day of March, 1893, and that she, at that time, requested said subscribing witnesses to sign the same as witnesses, and that they signed the same on that day as such witnesses

at her request and in her presence; that the said dece-
dent, at the time of the signing of the said alleged will,
declared the same to be her will, and that she was at
that time, and always, of sound mind, and competent to
make a will, and that she was not at that time, or ever,
under undue influence, or influenced by fraud; that
there was no undue influence, or any influence, exerted
at that time, or ever, over decedent in the making of
said alleged will, or with reference thereto, by Dr.
Hodge, Henrietta Davis, Minda Davis, D. W. Davis, or
either of them, or by any one, and that the evidence
shows that the said alleged will provides for an equitable
distribution of the estate of the decedent among the
proper subjects of her bounty, and is fair and just in its
provisions."

The object of the specifications required by the stat-
ute is clearly to direct the attention of the court and.
adverse party to the particular point on which the evi-
dence is claimed to be insufficient, and when this
object is accomplished they will be held sufficient.
(*McCullough* v. *Clark,* 41 Cal. 298; *Eddelbuttel* v. *Durrell,*
55 Cal. 279; *Newell* v. *Desmond,* 63 Cal. 242.)

The specifications complained of are, in substance, not
unlike those approved in *Harnett* v. *Central Pac. R. R.
Co.,* 78 Cal. 32, and as said in that case: " It would be
difficult to state in more specific terms the particular
points of insufficiency on which the moving party pro-
posed to rely in its proceeding for a new trial." In our
opinion, therefore, they must be held sufficient to meet
the requirements of the statute.

Besides, the record contains no statement of any of
the evidence given at the trial, and so far as we can
know it may have been such as would have authorized
the court, under the provisions of section 662 of the
Code of Civil Procedure, to grant a new trial on its own
motion, without any application therefor. But the rule
is well settled that all intendments are in favor of the
regularity of the action of the court below, and that

error will never be presumed, but must affirmatively appear in the record.

We advise that the order appealed from be affirmed.

SEARLS, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

HARRISON, J., GAROUTTE, J., VAN FLEET, J.

Hearing in Bank denied.