C. H. PALMER AND ANN PALMER v. V. M. PALMER, Appellant.

**Costs:** DIFFERENT TRIALS. Where a judgment for defendant is reversed on appeal, and on second trial, judgment is again rendered for defendant, the trial court may properly tax the costs of the first trial against plaintiff.

TRANSCRIPTS. Fees for the reporter's transcript, paid by plaintiff, appealing from a judgment for defendant, which was reversed, may, after a judgment for defendant, on a second trial, be properly taxed against defendant, under McClain's Code, section 4152, providing that the clerk may tax as costs any sum for any matter which "the court may have awarded as costs in the progress of the case, or may deem just to be taxed," and are not governed by section 5029, providing that, when a transcript is desired in a civil case, "the fees therefor shall be paid by the party desiring the same."

SAME. Costs taxed below, for transcripts needed on appeal, follow the costs of the Supreme Court, and one who succeeds in

obtaining a reversal may recover them, though he is finally defeated in the district court.

*Appeal from Lucas District Court.*—HON. T. M. FEE, Judge.

WEDNESDAY, APRIL 8, 1896.

THIS is an appeal from an order taxing costs which accrued in an action between the parties. The defendant appeals because the sum of one hundred and forty-five dollars, the cost of the shorthand reporter's transcript of the evidence was taxed to her. The transcript was ordered and paid for by the plaintiff, the same being used in presenting an appeal to this court from a former trial in the district court.— *Affirmed.*

*Stuart & Bartholomew* for appellant.

*J. C. Mitchell* for appellees.

ROTHROCK, C. J.—I. The case has once before been in this court upon an appeal by the plaintiff. See 90 Iowa, 17 (57 N. W. Rep. 645). The action was originally brought at law to recover specific personal property. An answer and cross petition was filed, which set up alleged equitable claims on defenses. On the motion of the defendant, and against the objection of the plaintiff, the district court transferred the cause to the equity docket. A hearing was had on the merits, and a decree was entered against the plaintiff. It was determined by this court, on that appeal, that the motion to transfer the cause to the equity side of the court, should have been overruled, and the decree was reversed. The cause was again tried in the district court, as an action at law, and by a jury, and there was a verdict and final judgment for the defendant.

This motion was made to tax costs after the last trial was had in the district court. The decision of the court upon the motion was in these words: "The court holds, as a matter of law, that all costs of the first trial of this cause, as well as all costs of this term, shall be taxed to plaintiff as the losing party, and judgment be entered against him therefor. To all of which plaintiff duly excepts. And the court further finds, as facts, that, to perfect his record in this court, so as to take an appeal to the Supreme Court from the first judgment and decree rendered in this court in this cause, the same being the judgment and decree that were reversed by the said Supreme Court, January 27, 1894, it was necessary that plaintiff should procure a transcript of the short-hand reporter's notes of the evidence taken on said trial, and that said transcript should be filed in this court; that plaintiff did procure such transcript, and did file the same in this court as a part of the permanent records of this cause, prior to the taking of said appeal to the Supreme Court. And the court finds that for said transcript the plaintiff, C. H. Palmer, was compelled to pay, and did pay, the official shorthand reporter the sum of one hundred and forty-five dollars, which said sum was at the statutory rate of six cents per one hundred words in said transcripts. The court holds, as a matter of law, in view of the aforesaid reversal by the Supreme Court, the aforesaid one hundred and forty-five dollars should be taxed as costs in this court, to the defendant, V. M. Palmer. To which holding the said V. M. Palmer excepts."

The contention of appellant is, that the fees paid for the reporter's transcript are not taxable costs, because there is no statutory authority for such taxation. Reliance is had upon section 5029, of McClain's Code, which provides that, "when such transcripts are desired in any civil case, the fees

therefor shall be paid by the parties desiring the same." We do not think the question is to be determined by that part of the statute above quoted. It is quite plain that the language there employed is used in connection with the pay and per diem of the reporter, and his fees for transcripts, and what part of his compensation shall be paid by the county, and what part by parties to civil cases. No reference is made in that section to the question whether the fees for a transcript may be taxed as costs. The cost of the transcript was necessary to prosecute the appeal, and, although there is no section of the statute expressly providing that the cost thereof shall be taxed, yet it is within the general provision of the Code on the subject of costs, one section of which is as follows: "The clerk shall tax in favor of the party recovering costs, the allowance of his witnesses, the fees of officers, the compensation of referees, the necessary expenses of taking depositions, by commission or otherwise, and any further sum for any other matter which the court may have awarded as costs in the progress of the case, or may deem just to be taxed." McClain's Code, section 4152. It surely was not unjust to tax the costs of the appeal to the defendant. She was the unsuccessful party in this court, and the amount paid for the transcript was as legitimate and proper an item of costs, as the costs of the printed abstracts and arguments.

II. The plaintiff appealed from that part of the order of the court which taxed the costs of the first trial to him. The objection urged to the order is that the costs were unavailing, because the decree for the defendant was reversed by this court. We think it has always been the practice that, when one trial has been had, and the verdict is set aside by the district court, or the cause reversed in this court, and another trial is had in the district

court, the costs of the first trial follow those of the last. In the case at bar, the final result showed that the plaintiff instituted and prosecuted an unfounded claim, and in the first trial, as well as the last, he was the defeated party, and the order requiring him to pay the costs which accrued in the district court is right. It is to be remembered that the costs of the transcript follow the costs in this court, because made upon appeal. The order as to both appeals is AFFIRMED.