## HERMAN SCHEFFEL v. BERNHARD SCHEFFEL.

### Decided December 21, 1904.

**1.—Verdict—Impeachment.**

A verdict can not be impeached by matter set out in motion for new trial where there is neither bill of exception nor certificate of the judge.

### ON MOTION FOR REHEARING.

**2.—Motion for New Trial.**

An affidavit that the facts set out in a motion for new trial were true to the best of affiant's knowledge and belief does not invoke the rule that facts stated in a motion for new trial sworn to and not controverted must be taken as true.

**3.—Verdict—Amendment.**

Where the verdict was for the debt sued for with no mention of a lien it was not error for the court to permit plaintiff's counsel, in the absence of defendant's counsel, to amend the verdict so as to allow a vendor's lien on the land described in the petition, the jury having assented to the verdict in its amended form.

Appeal from the District Court of Guadalupe. Tried below before Hon. M. Kennon.

*T. L. Johnson,* for appellant.

*Dibrell & Mosheim,* for appellee.

JAMES, CHIEF JUSTICE.—In this case the record shows a verdict against appellant for the sum of $300 with certain interest, and that plaintiff has a vendor's lien on the land described in the petition.

There is nothing in the form of a bill of exceptions or certificate of the judge showing the circumstances connected with the rendition of the verdict, and we must take it as having been regularly found and returned.

The manner in which it is sought to be impeached is by the allegations in the motion for new trial. In this motion it was alleged that the jury returned a verdict for the debt only, that then and thereupon plaintiff's counsel in the absence of defendant's counsel, amended and added the following: "And that plaintiff has a vendor's lien on the land described in the petition," whereupon the court had the verdict read by the clerk, as amended by plaintiff's counsel, to the jury and asked the jury if that was their verdict, to which inquiry by the court, the jury assented. The court overruled the motion for new trial, to which ruling appellant excepted. This is all the record discloses on the subject. If there was any error in the proceedings (upon which question there is no need of passing) we have no means of ascertaining whether the facts stated in the motion were true or not, but we must accept what the record shows, viz.: That the verdict was regularly returned.

*Affirmed.*

### ON MOTION FOR REHEARING.

Appellant insists that the rule applies here that facts stated in a motion for new trial sworn to, and not controverted must be taken as true. The affidavit was that the facts stated were true to the best of appellant's knowledge and belief, which has been held to not be a sufficient verification of the facts to have the effect claimed. Texas Farm & Land Co. v. Story, 43 S. W. Rep., 933.

If we should hold that the rule invoked applies to the matter presented here (it being an act of the trial court that is questioned) without the necessity of a bill of exceptions or some certificate of the judge as to the proceedings that took place before him, we nevertheless hold the facts stated in the motion do not disclose error. It is manifest that the testimony which the jury had to accept as true in order to find in favor of the debt, required also the finding in favor of the existence of the lien. The jury having in open court assented to the verdict with the finding of the lien added, there was no error.

*Overruled.*