WISECARVER & REYNARD, Appellee, v. CHICAGO, ROCK
ISLAND & PACIFIC RAILWAY COMPANY, ·Appellant.

Removal of causes: JUDGMENT FOR COSTS: WHEN AND WHERE TO BE
ENTERED.  A state court has jurisdiction to render judgment for
costs accruing therein, even though it finally determines that the
cause should be removed to the federal court, and though the
petition for removal was filed prior to an accrual of the major
part of the cost; but no judgment for costs should be entered in
the state court until the final determination of the case.

*Appeal from Jefferson District Court.*—HON. D. M.
ANDERSON, Judge.

FRIDAY, OCTOBER 22, 1909.

REHEARING DENIED TUESDAY, DECEMBER 21, 1909.

APPEAL from an order denying defendant's motion to
tax costs to plaintiff.—*Affirmed.*

*Carroll Wright, J. L. Parrish,* and *Leggett & Mc-
Kemey,* for appellant.

*R. J. Wilson* and *Crail & Crail,* for appellee.

DEEMER, J.—In the year 1906·plaintiff brought action
in the district court of Jefferson County against the de-
fendant to recover damages which it alleged it had sus-
tained by reason of an injury to a horse which had been
shipped over defendant's line of railroad.  The defendant
appeared, filed answer, and a petition for removal to the
Circuit Court of the United States on the ground of di-
versity of citizenship.  This petition was denied on the 3d

day of December, 1906, and thereafter the cause came on for hearing at a regular term of the district court, resulting in a verdict and judgment for plaintiff in the sum of $1,000 and costs amounting to $434.60. Thereafter the cause was appealed to this court, resulting in a reversal, because the court below erred in overruling defendant's petition for removal, and the cause was remanded to the district court of Jefferson County. The cause was remanded without direction, although the procedendo of course ordered the court below to proceed in said case in a manner not inconsistent with the opinion of this court. Thereafter, and on the 1st day of February, 1909, defendant filed a motion asking that the judgment theretofore entered be canceled and set aside, that it have judgment against plaintiff for the costs of said action in the amount above stated, and that the cause be transferred for trial to the United States Circuit Court. Plaintiff resisted this motion upon many grounds, chief among which were (a) that the court was without jurisdiction to do more than order a transfer of the cause; and (b) that the costs attendant upon the former trial should abide the final judgment rendered in whatever should be determined to be the court of ultimate trial and decision. The trial court ordered that the case be transferred to the United States Circuit Court; that the judgment theretofore entered against the defendant be set aside, and made an order, concluding as follows: "It is further ordered by the court that the motion of the defendant for judgment against the plaintiffs for the costs of the trial in this court, being the costs of witnesses, court officers, and other fees incurred upon the trial, following the overruling of defendant's motion to transfer to the federal court, be and the same is hereby overruled, to which ruling the defendant at the time duly excepts, and plaintiff excepts to setting aside of the judgment. It is further found by the court that this is a proper question for appeal to the Supreme Court, and one

which should be passed upon by that court, and this order shall be considered as a certificate for the taking of such appeal."

The appeal is from the latter part of this order, and presents two questions for our consideration. The first of these is the jurisdiction of the district court to render judgment for the costs made therein while the case is in the federal court and undetermined; and, second, assuming that such jurisdiction exists, should such order be made until the final judgment is rendered by the court which shall finally decide the case? As to the first proposition, we entertain no doubt of the jurisdiction of the district court to render judgment for costs which accrued in that court, even though it should finally hold that the petition for removal filed before the accrual of these costs, or the major part of them, should have been sustained. The second question is of more doubt; but we are constrained to hold that until the final determination of the case no order should be made in the district court regarding the costs taxed in that suit.

It does not appear that the case has been tried in the United States court, nor is there any showing of a judgment therein. Moreover, it does not appear whether a motion to remand has been filed, submitted, or determined in that court. The most that can be said for the record is that the action is now pending there. It may be that this case will eventually be remanded to the district court of Jefferson County for trial, and in that event it would become the duty of the court trying that case to make a proper order as to costs. If defendant in such event were successful, the entire costs would be charged to the plaintiff. If, on the other hand, plaintiff should secure the verdict, the costs might either be apportioned or taxed to the defendant. Surely this would be true as to some of the items of costs which were taxed as part of the original judgment. Defendant's motion included all of the costs of

the action. In no event, as it seems to us, would defendant be entitled to have the costs, made before filing the petition 'for removal, taxed to the plaintiff. If this case were to be retried in the Jefferson County district court, and the plaintiff were successful, he would be entitled to. all costs, save those growing out of and relating to the first trial. The motion to tax the costs was, as it seems to us premature, and the order denying it must be sustained. All this, however, should be without prejudice to appellant's right to renew this motion, if so advised, upon the final determination of the case.

Our conclusion finds some support in *Palmer v. Palmer*, 97 Iowa, 454. In that case it appeared that the action had been transferred to the equity docket, and a hearing had upon the merits resulting in a decree against the plaintiff. Upon appeal to this court it was determined that a motion to transfer to the equity docket should have been overruled, and the decree was reversed. The case was again tried in the district court as a law action, resulting in a verdict and final judgment for the defendant. Upon motion the district court taxed all the costs, including those made on the first trial of the cause to the plaintiff. Plaintiff excepted and appealed, and the order was affirmed, the court saying: ". . . We think it has always been the practice that, when one trial has been had, and the verdict is set aside by the district court, or the cause reversed in this court, and another trial is had in the district court, the costs of the first trial follow those of the last. In the case at bar the final result showed that the plaintiff instituted and prosecuted an unfounded claim, and in the first trial, as well as the last, he was the defeated party, and the order requiring him to·pay the cost which accrued in the district court is right."

The order of the district court is therefore *affirmed.*