MILLER et al. v. FIRST STATE BANK & TRUST CO. OF SANTA ANNA. (No. 5490.)

(Court of Civil Appeals of Texas. Austin. May 12, 1915. On Motion for Rehearing, July 2, 1915. On Appellee's Motion for Rehearing, March 29, 1916.)

1. APPEAL AND ERROR ⬦=188—RESERVATION OF GROUNDS — DEFECTIVE SERVICE OF PROCESS.

On appeal from the denial of a motion to set aside a default judgment, the sufficiency of service will not be considered, where it was not raised in the original motion to vacate, nor in the answer, but is presented for the first time in an amended motion to vacate not properly verified.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1190–1204; Dec. Dig. ⬦= 188.]

2. JUDGMENT ⬦=145(2)—SETTING ASIDE DEFAULT—SUFFICIENCY OF APPLICATION.

To set aside a judgment by default the motion must show a meritorious defense as well as a sufficient excuse for failure to appear and answer.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 271, 293; Dec. Dig. ⬦=145(2).]

On Motion for Rehearing.

**3. JUDGMENT ☞17(2) — JUDGMENT BY DEFAULT—REQUISITES—SERVICE OF PROCESS.**

To authorize a judgment by default, the sheriff's return must show service of citation upon defendants in the manner required by statute, even though the judgment shows that defendants were legally served.

[Ed. Note.—For other cases, see Judgment, Dec. Dig. ☞17(2).]

**4. CORPORATIONS ☞507(13)—ACTIONS—SERVICE OF PROCESS.**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 1860, requiring the citation in suits against corporations to be served on one of the officers of the company named therein or some agent of the company, a citation showing service only upon the company by name is insufficient, since to be binding service must be upon the identical officer or agent or one of the officers or agents prescribed by the statute.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1995–1997, 2000; Dec. Dig. ☞ 507(13).]

**5. JUDGMENT ☞17(10) — JUDGMENT BY DEFAULT—SERVICE OF PROCESS.**

Where the petition or citation in an action against a corporation fails to direct upon whom service is to be made, then, in order to sustain a judgment by default, proof must be made when judgment is taken that the citation was served upon some one of the officers or agents named in the statute.

[Ed. Note.—For other cases, see Judgment, Dec. Dig. ☞17(10).]

**6. PARTNERSHIP ☞204—ACTION — PROCESS—SERVICE.**

Jurisdiction to enter judgment by default against a partnership cannot be obtained by service on the partnership itself, Vernon's Sayles' Ann. Civ. St. 1914, art. 1863, requiring process to be served on a member of the firm.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 376–381; Dec. Dig. ☞204.]

**7. JUDGMENT ☞143(1), 145(2)—SETTING ASIDE DEFAULT—SUFFICIENCY OF APPLICATION.**

Where no legal service is had upon defendant, a judgment by default may be set aside without showing a meritorious defense or a sufficient excuse for failure to appear; the judgment being void for want of jurisdiction.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 269, 271, 278, 279, 283, 285, 293; Dec. Dig. ☞143(1), 145(2).]

On Appellee's Motion for Rehearing.

**8. CHATTEL MORTGAGES ☞229(2).—CONVERSION OF MORTGAGED PROPERTY—ACTIONS—ANSWER.**

In an action on notes, and to establish a mortgage lien on live stock and cotton, and to recover for conversion of part of such stock and cotton, an answer alleging that, if defendants purchased any cotton on which plaintiff held a valid lien or mortgage, the money paid by them therefor to the seller was by the seller paid to plaintiff in partial satisfaction of the demands sued upon by plaintiff, and that the seller paid to plaintiff the market value of the cotton less the cost of picking it, stated a meritorious defense.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 481, 483; Dec. Dig. ☞ 229(2).]

**9. JUDGMENT ☞163 — SETTING ASIDE DEFAULT—FORM AND REQUISITES OF APPLICATION.**

On an application to set aside a judgment by default, it was proper for the court to consider the answer filed in connection with the motion in determining whether the motion disclosed a meritorious defense, though the verification of the answer was made on information and belief, without setting out the facts on which the belief was founded.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 323; Dec. Dig. ☞163.]

**10. JUDGMENT ☞143(13) — SETTING ASIDE DEFAULT—FORM AND REQUISITES OF APPLICATION.**

A motion to set aside a judgment by default alleged that defendants lived 55 miles from C., the place of trial, that the only available route was by rail via B., and in order to attend court they would have to spend a night in B. and proceed to C. the next day, that the trip was tedious and expensive, that their attorney assured them they could reach C. in time to answer and defend the suit by leaving home on the morning of the day the case was to be called, and that, if plaintiff's attorney took judgment by default before their arrival, the court would set it aside, stating that he was well acquainted with the attorneys for plaintiff and had frequently exchanged courtesies with them, and that they would not insist upon judgment by default until after appearance cases were called for orders, that on the morning of September 8th they started for C. in an automobile, leaving home at 7 a. m., that a blowout delayed them for some little time, and that after repairing it they proceeded to C., arriving there a few minutes after the judgment was entered. *Held*, that this showed due diligence, and the motion to set aside the default judgment should have been granted.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 286; Dec. Dig. ☞143(13).]

**11. APPEAL AND ERROR ☞1173(1)—DISPOSITION OF CASE—REVERSAL—COPARTIES.**

Where a member of a firm was sued only as a member of the firm, and therefore could not be held liable otherwise, and judgment was apparently rendered against him individually, pursuant to the statute making a judgment against a partnership collectible out of the individual property of the members of the firm served with citation, a reversal as to the firm required a reversal as to him, though he did not appeal, as plaintiff was not entitled to judgment against him, if not entitled to a judgment against the firm, and the statute prescribing that only one final judgment shall be rendered had application.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4562–4567, 4569, 4656; Dec. Dig. ☞1173(1).]

**12. APPEAL AND ERROR ☞1173(2)—DISPOSITION OF CASE—REVERSAL—COPARTIES.**

The reversal of a judgment against appealing defendants did not require the reversal of a judgment against nonappealing defendants upon separate and distinct causes of action, in which no recovery was sought or had against the appealing defendants, as the statute prescribing that only one final judgment shall be rendered did not apply.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4568, 4656; Dec. Dig. ☞ 1173(2).]

Appeal from Coleman County Court; F. M. Bowen, Judge.

Action by the First State Bank & Trust Company of Santa Anna against R. F. Miller

and others. From a denial of a motion to set aside a default, defendants appeal. Reversed and remanded in part, and affirmed in part, on rehearing.

Shropshire & House, of Brady, for appellants. Snodgrass, Dibrell & Snodgrass, of Coleman, for appellee.

RICE, J. This suit was brought by appellee against R. F. Miller, L. E. Miller, W. S. Gattis, James D. Gattis, Jim Bell, O. D. Mann & Sons, a partnership, and William Connolly & Co., a private corporation, all of McCulloch county; and against J. R. Raney Company, a corporation, and Sam Woodward, of Coleman county, to enforce collection as against R. F. Miller, principal, and Raney Company as indorsers on a note for $250, with interest and attorney's fees, less a credit of $17.50; and as against said Miller and the two Gattises for balance on a note of $109, with interest and attorney's fees, and on a note for $677.41 and $100 attorney's fees, less certain credits; also to establish a mortgage lien on certain live stock and cotton, and as against the other defendants for conversion of part of said stock and 12 bales of cotton stating the aggregate value of such property alleged to be converted at $970. No value as to said other mortgaged property was stated, nor was a foreclosure thereon asked. An amended petition was filed September 3, 1914, stating that such other property described in the mortgage was not in existence, and averred that as to it no foreclosure was prayed.

On the 8th of September, when the appearance docket of said court was called, no answer having been filed on the part of appellants, judgment by default was taken as against all of said parties except W. S. Gattis, Raney Company, and Woodward, the case as to first two being dismissed, but went in favor of the latter on the ground of his having a prior mortgage on the live stock. Within 20 minutes after the entry of such default judgment, these appellants, Mann & Sons and Connolly & Co., with their attorney, arrived in Coleman, and upon entering the courthouse yard they met counsel for appellee, whom they apprised of the fact that they had just arrived with their answer for the purpose of filing same and trying said cause, requesting him to return with them to the courthouse to set same down for trial, which said attorney declined to do, informing them that he had just a short while before, on the calling of the appearance docket, taken a judgment by default against them, and, upon his declining to agree that the same should be set aside, counsel for appellants filed in said court, about 2 o'clock on said day, their answer, and also their motion to vacate said judgment, in which said motion they set up their plea of personal privilege to be sued in McCulloch, the county of their residence, also a plea of misjoinder of parties, and alleged

that they had a meritorious defense, without stating what it was. They afterwards, on the 16th of September, filed an amended motion to vacate said judgment which, in addition to the matters set out in the original motion, asserted that Connolly & Co., who were sued as a corporation, were not in fact a corporation, and that the service upon McKenzie, their alleged secretary, was not in fact sufficient legal service, and that as to Mann & Sons said service was not sufficient, because O. D. Mann, upon whom the citation was served, was not in fact a member of the said partnership and never had been; asserting, also, that the amount in controversy was more than $1,000, in that it was a suit to foreclose a mortgage on property of greater value than $1,000, and also that the amount sued for was over $1,000. And as an excuse for not sooner filing their answer, they alleged: That they lived at Brady, 55 miles from Coleman. That the only available route from Brady to Coleman was by rail via Brownwood, and in order to attend said court they would have to go from Brady to Brownwood and spend the night in the latter place, and proceed to Coleman the next day; that such trip was tedious and expensive. That upon receiving citation they promptly referred the matter to their attorney for attention, who stated that he would have to be at Austin on the 5th, but that he would attend the trial at Coleman on the 8th, assuring them that they could reach Coleman in time to answer and defend their suit by leaving Brady on the morning of September 8th; likewise stating to them that, in the event plaintiff's attorney should take judgment by default before their arrival, then the court would set same aside and permit them to file their pleadings, stating that he was well acquainted with the attorneys representing the plaintiff, with whom he had frequently exchanged courtesies, and that they would not insist upon a judgment by default till after the appearance cases were called for orders. That, relying upon such statements and assurances by their said attorney, they awaited his arrival from Austin, he returning earlier than expected. Securing an automobile on the morning of September 8th, these appellants, with their attorney, started for Coleman, leaving Brady at 7 a. m. That a few miles south of Coleman they had a blow-out in one of their tires, which delayed them some little time. That, after repairing same, they proceeded to Coleman, arriving there after judgment by default had been entered.

The court overruled the motion to vacate the judgment, from which appellants have prosecuted this appeal, urging, first, that the court had no jurisdiction, in that the value of the property mortgaged exceeded $1,000. We overrule this contention, first because the amount sued for did not exceed $1,000; and further for the reason that the original peti-

tion did not seek a foreclosure upon the other property mentioned in the mortgage nor state its value, and did not indicate that such property was in existence; and the amended motion upon which appellee went to trial alleged that the other property described in the mortgage was not in existence at the time of filing the original petition, and expressly declared that it sought no foreclosure thereon, for which reason it did not appear from the face of the petition that the court was without jurisdiction. See Cantrell v. Cawyer, 162 S. W. 919.

[1] The question as to the sufficiency of the service, we think, is improperly raised. Neither the original motion to vacate nor the answer present this question, and it is for the first time raised in the amended motion to vacate the judgment, which is not properly verified. Appellants in their answer not having denied under oath the partnership and incorporation as alleged, as required by article 1906, Vernon's Sayles' Civ. Stat., no issue was raised with reference thereto.

[2] We think appellants' amended motion to set aside the judgment by default was properly overruled for the further reason that it failed to show a meritorious defense and a sufficient excuse for failing to appear and answer. In the absence of either, they were not entitled to have the same set aside.

"The rule seems to be well established in this state (Runge v. Franklin, 72 Tex. 585, 10 S. W. 721, 3 L. R. A. 417, 13 Am. St. Rep. 833, that, in addition to excusing his absence or failure to plead, the appellant must show by sufficiently circumstantial statement that he has a meritorious cause of action or defense; stating generally that he has a meritorious cause of action or defense is not sufficient. Enough should be stated, supported by affidavit, to show at least a prima facie case. Courts ought not in such cases set aside judgments rendered except upon a showing which, if true and unexplained, would change the result on a subsequent trial"—citing Cowan v. Williams, 49 Tex. 380; Montgomery v. Carlton, 56 Tex. 431; Contreras v. Haynes, 61 Tex. 103.

See, also, Foster v. Martin, 20 Tex. 119; Gillaspie v. Huntsville, 151 S. W. 1114; Schliecher v. Markward, 61 Tex. 99; Sharp v. Schmidt & Zeigler, 62 Tex. 263; Tinsley v. Corbett, 27 Tex. Civ. App. 633, 66 S. W. 913; Chambers v. Gallup, 30 Tex. Civ. App. 424, 70 S. W. 1009; W. U. T. Co. v. Skinner (Civ. App.) 128 S. W. 715; Bartlett v. Jones (Civ. App.) 103 S. W. 706.

In Foster v. Martin, supra, Mr. Justice Wheeler says:

"The motion to set aside the judgment was in the nature of a motion for a new trial. To entitle the defendant to have the judgment set aside, as a matter of legal right, he should have brought his application substantially within the rules governing the granting of new trials. He should have made his application within the time prescribed, or shown some sufficient excuse for his neglect. His application should have shown a sufficient excuse for his failure to appear and make his defense to the action within the time allowed for pleading, and also that he had a meritorious defense. The application is deficient in all these particulars."

In Sharp v. Schmidt & Zeigler, supra, Mr. Chief Justice Willie says:

"It is fully established by our own decisions that, 'notwithstanding an illegal writ or service of process, a court of equity will not interfere to set aside a judgment until it appears that the result will be different from that already reached.' Schleicher v. Markward, 61 Tex. 103; Kitchen v. Crawford, 13 Tex. 516. To make this appear the petition should aver matters which amount to a good defense to the original action. The nature of the defense must be given, so that the court for itself may determine the conclusion of law as to whether or not it is a good defense, and would produce a different result if proved upon another trial. The plaintiff's oath to such a conclusion is not sufficient."

Besides this, the motion was not properly verified. The affidavit was as follows:

"Before me, the undersigned authority, on this day personally appeared J. E. Shropshire, known to me to be the attorney for the defendants named in the foregoing motion, and upon oath stated that upon his own knowledge he believes the allegations of fact and statements contained in said motion are true."

In Ruling Case Law, vol. 1, p. 770, § 15, it is said:

"An affidavit should always be made by one having actual knowledge of the facts, if possible, and its allegations should be full, certain, and exact; a bare statement of one's belief being immaterial, unless the case is one where an affidavit as to belief only is required."

Again, on page 772, § 18, same volume, it is stated:

"Affidavits upon information and belief should allege facts definitely, and also set forth the sources of the affiant's information and the grounds of his belief, to enable the judicial mind to determine whether the belief is well or ill founded. Inasmuch as an affidavit upon information and belief cannot supply the place of a positive allegation, affidavits of this nature cannot ordinarily be used except when authorized by statute."

See, also, Texas Farm & Land Co. v. Story, (Civ. App.) 43 S. W. 933; Scheffel v. Scheffel, 37 Tex. Civ. App. 504, 84 S. W. 408; Graham v. Brown, 69 Tex. 323, 7 S. W. 342; Smith v. Banks, 152 S. W. 449; Whitemore & Co. v. Wilson, 1 Posey, Unrep. Cas. 213.

The motion did not set up any facts showing a meritorious defense. It is true, however, that it referred to the answer for such defense; but, even if we could consider the answer for this purpose (which is doubtful under the authority of Runge v. Franklin, supra), still, said answer is not properly verified, in that the verification is also made on information and belief, without setting out the facts upon which such belief is founded.

The excuse set up for failing to answer is insufficient. The parties were served in ample time and could have been present with their counsel at court, if they had left Brady the day before by rail. It is not sufficient to say that the trip would have been expensive and tedious. Furthermore, had they left an hour earlier in the morning by auto, they would have arrived at court, it seems, before judgment was entered. They should have

anticipated just such a contingency as happened and started earlier.

Finding no error in the action of the court in overruling the motion to set aside the judgment by default, the same is affirmed.

Affirmed.

## On Motion for Rehearing.

Appellants have filed a motion for rehearing, assailing the judgment affirming this case, among other reasons: First, that the court below was without jurisdiction to render any judgment as against Connolly & Co. and Mann & Sons, on the ground of want of legal service on them or either of them. Second, because the judgment as rendered was in excess of $1,000.

[3-5] To authorize a judgment by default, the sheriff's return must show service of citation upon the defendants in the manner required by the statute, and this is true, even though the recitals in the judgment show that the defendants were legally served. Roberts v. Stockslager, 4 Tex. 309; H. & T. C. R. Co. v. Burke, 55 Tex. 323, 40 Am. Rep. 808; Treadway v. Eastburn, 57 Tex. 214; Burditt v. Howth, 45 Tex. 466; Wheeler v. Ahrenbeak, 54 Tex. 536. William Connolly & Co. were sued as a corporation. In suits against corporations our statute (article 1860, Vernon's Sayles' Rev. Civ. Stats.) requires that the citation shall be served on one of the officers of the company named therein, or some agent of the company. In the present case the citation only showed service was made upon William Connolly & Co. This return does not conform to the statute, and is therefore insufficient. The general rule is that the service of process, to be binding upon a corporation, must be made upon the identical officer or agent, or one of the officers or agents prescribed by the statute. Clark & M. on Corporations, § 267; El Paso & S. W. Ry. Co. v. Kelly, 83 S. W. 859. Neither the petition nor citation sets out the name of the president, secretary, or treasurer of such company, nor is the name of any agent representing it given therein, nor does it direct upon whom service should be made; but the company's name alone is set forth in the petition and citation, and the record fails to show that before judgment was taken by default proof was made that said citation had been served upon the president, secretary, or any agent of such corporation, as required by law. Where the petition or citation fails to direct upon whom service is to be made, as in the instant case, then, in order to sustain a judgment by default, proof must be made at the time when judgment is taken that the citation was served upon some one of the officers or agents named in the statute, which was not done in the present case; the service is therefore insufficient to confer jurisdiction over said corporation. El Paso & S. W. Ry. Co. v. Kelly, supra; G. H. & S. A. Ry. Co. v. Gage, 63 Tex. 568; H. & T. C. R. Co. v. Burke, supra.

[6] Again, suit was brought against O. D. Mann & Sons, an alleged copartnership, consisting of O. D. Mann and others unknown to plaintiff. The citation followed the petition in this respect, commanding the officer to summon O. D. Mann and O. D. Mann & Sons, a partnership, composed of the parties above stated, and the sheriff's return recited that it was served by delivering to each of the defendants in person a true copy of this citation, stating that O. D. Mann & Sons were served as well as O. D. Mann individually. The testimony of Mr. Shropshire, however, on motion for new trial and to vacate the judgment, showed that O. D. Mann was not in fact a member of said partnership, and this was not controverted. This being true, no judgment whatever could lawfully be rendered against said firm of O. D. Mann & Sons, for the reason that no member of said firm had been served, as required by article 1863, Vernon's Sayles' Rev. Civ. Stats.; and the attempt to serve the firm itself was futile, because it was not an entity under the law. See Frank v. Tatum, 87 Tex. 204, 25 S. W. 409. Under the doctrine of said case, it would seem that the suit against Mann & Sons was improperly brought, in that it failed to give the names of all of the partners; but, apart from this, the attempted service was defective and insufficient, for which reason no judgment should have been rendered against Mann & Sons.

There was no allegation that O. D. Mann had converted any of the property upon which plaintiffs claim to have had a mortgage, for which reason judgment against him was improperly rendered. Besides this, it appears that the aggregate amount of the judgment rendered was in excess of $1,000. Therefore the court had no jurisdiction to render the same.

[7] In order to set aside a judgment by default, it is not necessary to show a meritorious defense or negative a want of diligence on the part of the defendants, where no legal service is had upon them. This is required only where legal service has been had. It is immaterial that appellants, after judgment was rendered by default, filed an answer to the merits in connection with their motion to vacate the judgment, because the judgment was void for want of jurisdiction at the time it was in fact rendered, and appellants therefore had the right to have it set aside.

For the reasons indicated. the motion for rehearing is granted, the judgment is reversed, and the cause remanded.

## On Appellee's Motion for Rehearing.

KEY, C. J. The nature of this case is sufficiently stated in the original opinion prepared by Mr. Justice RICE, when the judgment of the trial court was affirmed, and in his subsequent opinion, prepared when appellants' motion for rehearing was granted, and the judgment referred to reversed, and the cause remanded, though we may make

some addition thereto in the course of this opinion. After our last decision was made, and in due time, counsel for appellee, First State Bank & Trust Company, presented a motion for rehearing, accompanied by an elaborate and able argument, assailing the grounds upon which this court based its judgment of reversal; and while authorities cited and argument made have caused us to doubt the correctness of the reasons given for reversing the case, still we are of opinion that, in so far as the appellants are concerned, the judgment of reversal should not be set aside, though we concede that the case should not have been reversed as to judgments rendered against parties who have not appealed, except as to judgment against O. D. Mann.

[8] The only parties who have appealed are William Connolly & Co. and O. D. Mann & Sons; and upon further consideration we have reached the conclusion that as to them the trial court committed error in not setting aside the judgment by default rendered against them and O. D. Mann, for the reason that their amended motion, asking to have that judgment set aside, set up a meritorious defense, and disclosed a sufficient excuse for not having filed their answer before the default docket was called, and that this court fell into error when it ruled otherwise in the original opinion filed herein. In addition to the facts stated in the opinion referred to, we copy as follows from the answer filed in the court below by appellants on the same day that the judgment by default was rendered:

"Further answering in this behalf, these defendants would show to the court that, if they did purchase any of the cotton on which plaintiff held a valid lien or mortgage, they here charge that the money was paid by them, in so purchasing from R. F. Miller or L. E. Miller, to the said R. F. Miller, and that the said R. F. Miller, after receiving said money, paid the same over to the plaintiff in partial satisfaction of the demands herein sued upon by the plaintiff. Wherefore, in the event of such payment, plaintiff should not be now permitted to recover of and from these defendants the value of any cotton thus converted after the plaintiff has been paid the full market value of the same by the defendant R. F. Miller. In this connection these defendants charge that the defendant R. F. Miller paid over to the plaintiff the market value of said cotton, less the cost of picking same, and that the cost of picking the same constituted a claim against said cotton superior to the mortgage lien of plaintiff thereon."

In appellants' amended motion to vacate the judgment by default they alleged, among other things:

"That the order granting judgment by default against these defendants must have been entered against them but a few minutes before their arrival and appearance and tender of their pleadings therein. That upon their arrival these defendants tendered pleadings of the following nature: (a) A plea to the venue, showing that the plaintiff had no legal right to compel said defendants to appear and defend this cause in Coleman county, Tex.; (b) a plea of misjoinder of parties defendant and cause of action; (c)

a general exception to said pleadings because of misjoinder of parties defendant; and (d) a plea to the merits of said cause of action, praying in the alternative that, in the event that their special pleas should be overruled, said defendants should be heard upon their answer showing a meritorious defense to the cause of action. That all of said pleas are here referred to and made a part hereof, for the purpose of being considered by the court in connection with this motion to vacate said judgment by default."

[9, 10] We think it was proper for the court below to consider the answer filed by appellants in connection with the motion to vacate the judgment by default, and that, when so considered, the motion disclosed a meritorious defense; and we are also of opinion that the diligence shown by the motion was as much, and perhaps more, than that shown in the recent case of International Travelers' Ass'n v. G. L. Peterson, 183 S. W. 1196, decided by this court. In granting a rehearing in that case, we cited and quoted from Dowell v. Winters, 20 Tex. 794, in which case there was no more diligence than in this or the Peterson Case. The Peterson Case is also authority upon the question of verification of the motion to vacate and the answer referred to in the motion, as there is no substantial difference between the two cases in that respect.

So, if it be conceded, as contended by counsel for the bank, that the filing of the motion to vacate the default judgment upon other grounds than the question of notice or service of citation cured whatever defect may have existed in that regard, still we are of opinion, for the reasons just stated, that appellants are entitled to a reversal of the judgment and to a trial upon the merits; and this conclusion is reached without reference to the so-called statement of facts, which counsel for appellee contend should not be considered. We agree with appellee's counsel that this court fell into error when it held that the amount sued for was not within the jurisdiction of the county court; but, as stated above, we rest our reversal of the case upon our present conclusion that the motion to vacate the judgment disclosed a meritorious defense, and a sufficient excuse for appellants not having filed their answer presenting such defense before the default docket was called.

[11, 12] Except as to the judgment against O. D. Mann, we also agree with counsel for appellee that the judgment in its favor against parties who have not appealed should be affirmed, and that the judgment of this court reversing the case as to them is erroneous. As to O. D. Mann we hold that the judgment should be reversed for the reason that he was not sued otherwise than as a member of the firm of O. D. Mann & Sons, and we suppose that the court below rendered judgment against him individually because of the fact that the citation which was issued against the firm of O. D. Mann &

Sons was served upon him as a member of the firm. It is provided by statute that a judgment against a partnership is collectible out of the partnership property, and out of the individual property of the members of the firm who have been served with citation; and no doubt it was upon this theory that the judgment was rendered against O. D. Mann individually. In fact, he was only sued as a member of the firm, and therefore could not be held liable otherwise; and it necessarily follows that, if the appellee is not entitled to a judgment against the firm, it is not entitled to any judgment against O. D. Mann individually. In other words, the cause of action is one and the same against O. D. Mann and the firm of O. D. Mann & Sons, and therefore the statute, which prescribes that only one final judgment shall be rendered, has application, and for that reason a reversal as to one operates as a reversal as to all, though only one may have appealed. But, as to the judgments rendered in favor of the bank against the other defendants, that statute does not apply, because those judgments were based upon separate and distinct causes of action, in which no recovery was sought or had against O. D. Mann or O. D. Mann & Sons. Danner v. Walker-Smith Co., 154 S. W. 295.

So our conclusion is that, in so far as appellee's motion for rehearing asks to have our former judgment reversing the case as between appellee and appellants Wm. Connolly & Co. and O. D. Mann & Sons and O. D. Mann, individually, set aside it should be overruled, but that the remainder of this court's judgment of reversal should be set aside, and judgment of the court below affirmed; and it is so ordered.

Motion overruled in part, and in part granted.