[Civil No. 3161.   Filed June 27, 1932.]

[12 Pac. (2d) 617.]

DURKEE–THOMAS CORPORATION, Appellant, v.
C. W. DOHERTY, Appellee.

Messrs. Armstrong, Kramer, Morrison & Roche, for Appellant.

Messrs. Stockton & Perry, Mr. E. G. Frazier, Mr. Stanley A. Jerman and Mr. Thomas P. Riordan, for Appellee.

LOCKWOOD, J.—This is the second time this case has come before us, our opinion on the first appeal being found in *Durkee-Thomas Corp.* v. *Doherty,* 37 Ariz. 457, 295 Pac. 302. On that appeal we reversed the judgment entered for plaintiff at the trial in the superior court and sent the case back for a second trial, at which a verdict was again returned in favor of plaintiff and judgment entered thereon, and it is from this last judgment that this appeal is taken.

A reporter's transcript was filed, but on motion of plaintiff it was stricken from the records by this court, and the case therefore comes before us solely upon the judgment-roll and record.

There are three assignments of error. The first two are to the effect that the court erred in permitting the reporter's transcript of the evidence of a witness taken at the first trial to be read at the second one. This objection is based upon the ground that the witness had been summoned by plaintiff to testify before a notary public in California on oral interrogatories for the purpose of having such deposition used at the second trial, but that, although the witness appeared before the notary, plaintiff refused to take his testimony. It is contended that, since it appeared from our opinion on the previous appeal that the witness in question had not been permitted to testify upon certain matters which this court held relevant and material, his evidence, if it had been taken by the notary for use on the second trial, would have been materially different from that given at the first trial

and read from the transcript at the second trial, and for this reason such transcript was inadmissible.

We have examined carefully the entire record presented to us on this appeal, and, so far as we can find, the only references made to the evidence and deposition on which the two assignments of error are based are in the motion for new trial and in the minutes of the trial court. The minutes on this point read as follows:

"Now comes evidence on behalf of the plaintiff . . . testimony of George A. Davis is read in evidence . . . testimony of George A. Davis given at former trial is read in evidence (that part not heretofore read) . . . defendant introduced the following evidence: depositions of . . . George A. Davis are read in evidence."

It is practically the universal rule of law that, when the ruling on a motion for new trial is dependent on the evidence given or offered on the trial, and such evidence is not in the record, the ruling on the motion cannot be reviewed. *In re Yoakam's Estate,* 103 Cal. 503, 37 Pac. 485; *Quarring* v. *Stratton,* 85 Wash. 333, 148 Pac. 26; 4 C. J. 550, and notes. Nor are statements made by counsel in a motion for new trial admissible to prove the truth of such statement. *Scheffel* v. *Scheffel,* 37 Tex. Civ. App. 504, 84 S. W. 408.

As will be seen from the foregoing extracts from the minutes, which contain the only references made in the record to the matters upon which the first two assignments of error are based, both the testimony of George A. Davis taken at the previous trial and his deposition were admitted in evidence. It does not appear that any objection was made to either one of these or that the deposition did not contain every matter which would have been material for the presentation of defendant's case. Such being the fact, we are unable to consider the assignments regarding such testimony and depositions.

The only other objection is that the trial court allowed as part of the costs in favor of plaintiff, not only a jury fee for the second trial, but also one for the trial in which the judgment reversed by this court as above was rendered, and it is urged that, when a case is appealed to this court and by us reversed and remanded for a new trial, the appellant, even though the case go against him on the second trial and that judgment be affirmed by this court, cannot be taxed with the costs incurred in the first trial.

Costs are generally fixed by statute, but it appears that the precise point in question is not specifically determined by our Code, and we must reason from analogy and general principles.

The same question has been before the courts of different jurisdictions on a similar state of facts, and the majority rule is that the party ultimately prevailing at the new trial should recover the costs of both trials in the lower court. *Stoddard* v. *Treadwell*, 29 Cal. 281; *Durant* v. *Abendroth*, 48 Hun 16, 1 N. Y. Supp. 538; *Berthold* v. *Burton*, (C. C. A.) 169 Fed. 495; *National Masonic Acc. Assn.* v. *Burr*, 57 Neb. 437, 77 N. W. 1098; *Palmer* v. *Palmer*, 97 Iowa 454, 66 N. W. 734.

It is true defendant may maintain that, since this court held the first judgment was erroneous, it is not equitable that it be taxed with the cost of two trials. On the other hand, plaintiff may well say that, since it ultimately appeared he was entitled to prevail on the merits, it is not just that he should be compelled to pay for the errors of the trial court. Section 1477, Revised Code of 1928, reads as follows:

"§ 1477. In new trials and on arrest of judgment. The costs of new trials may either abide the result of the action or may be taxed against the party to whom the new trial is granted, or may be adjudged by the court at the time of granting such new trial. When the judgment is arrested or the verdict set aside

because of the insufficiency of the pleadings of the party in whose favor the verdict or judgment is rendered, the costs thereof shall be taxed against the party whose pleadings were adjudged insufficient.''

In view of the language of the last sentence, we are inclined to think the legislature contemplated that, unless a new trial was clearly and palpably due to the specific error mentioned in that sentence, the matter was subject to the discretion of the court granting the new trial as to whether it should adjudge the costs against one or the other of the parties or leave them to abide the result of the action.

Following this principle, we hold that, when this court reverses a case and remands it for a new trial without specific directions as to the costs of the lower court, the party ultimately losing must pay all the properly taxable costs of both trials in the lower court. Under section 1482, Revised Code of 1928, a jury fee is properly allowable as costs, to be paid to the county. The judgment of the superior court of Maricopa county is affirmed.

McALISTER, C. J., and ROSS, J., concur.