220 P.2d 225
**MONTGOMERY WARD & CO. v. WRIGHT et ux.**

No. 5147.

Supreme Court of Arizona.

July 10, 1950.

320

Hall, Catlin & Molloy, of Tucson, for appellees.

PHELPS, Justice.

This is an action by plaintiff for damages on account of personal injuries suffered, based upon the alleged negligence of Montgomery Ward & Company in the treatment and maintenance of floors in its retail mercantile establishment at Tucson. The evidence is in conflict on this latter point.

Rachel Wright with whom her husband, Benjamin G. Wright, joined in this action, will be referred to in the opinion as plaintiff, and Montgomery Ward & Company as defendant. The plaintiff alleged in substance that on or about the 10th of March, 1947 at about 4:30 in the afternoon of that date she entered the store of defendant as invitee and proceeded upon the street level floor to the rear of the store. That as a result of the careless, reckless and negligent acts of the defendant in placing upon the floor of said store building an excessive amount of oily, slippery, liquid substance or material, and in failing to use reasonable care in applying the same, or reasonable or ordinary care in the maintenance of the floor the application of said substance, she slipped and fell. That as a proximate result thereof she was injured, as set forth in the complaint. The answer of the defendant constitutes a general denial and in addition thereto alleges the contributory negligence of the plaintiff.

Knapp, Boyle, Bilby & Thompson, Arthur Henderson, of Tucson, for appellant.

The cause was tried to a jury and plaintiff recovered a judgment in the lower court. A motion for a new trial and for judgment notwithstanding the verdict, were duly filed and denied by the trial court. Defendant appeals from the final judgment and presents six separate assignments of error for our consideration.

■ Assignments 1 and 2 challenge the sufficiency of the evidence to take the case to the jury both at the close of plaintiff's case and at the close of all of the evidence. Unless we completely ignore the plaintiff's testimony we cannot say that the court under the circumstances of the case committed error in denying defendant's motions. The evidence in this case takes it out of the rule contended for by defendant as laid down in the case of Mona v. Erion, 223 App.Div. 526, 228 N.Y.S. 533, 2d, 250 N.Y. 572, 166 N.E. 329, and DeBaca v. Kahn, 49 N.M. 225, 161 P.2d 630. In the latter case the last application of the floor dressing was some seventy days previous to the accident. In the instant case small quantities were applied daily. The method employed in its application could result in the condition described by plaintiff, in a small concentrated area.

Assignments 3 and 4 are directed at the court's refusal to grant defendant's motion for a new trial and for a judgment N.O.V. Both of these assignments are based upon the same grounds set forth in assignments 1 and 2 and compel the same conclusion.

Assignments 5 and 6 present a far more serious question. Assignment 5 challenges the admissibility of testimony given by the witness Hunt. On cross-examination it was developed by counsel for plaintiff over the timely objection of defendant's attorney that Hunt had testified in a case previously tried by that court involving another person who had slipped and fallen on a different floor where myco-sheen had been applied and that the verdict was favorable to the plaintiff in that case.

■ It is a well-established rule of evidence that although evidence is incompetent for one purpose it is entirely proper for another purpose, even in criminal cases where it tends to prove the commission of another crime. Lawrence v. State, 29 Ariz. 247, 240 P. 863, citing cases. In the case of Hatfield v. Levy Bros., 18 Cal.2d 798, 117 P.2d 841, the court held that under the circumstances in that case evidence not admissible for the purpose of proving negligence was admissible for the purpose of impeachment, citing Inyo Chem. Co. v. City of Los Angeles, 5 Cal.2d 525, 55 P.2d 850. We approve the rule.

Unquestionably the witness Hunt opened the door for impeachment in this case when he volunteered the statement that "They don't slip on myco-sheen," but it is very doubtful if plaintiff was justified in bringing to the attention of the jury the successful outcome of a similar case previously tried in that court. We reserve further comment on this point at this time inasmuch

322

as the case must be reversed for another reason.

Assignment 6 is based upon the testimony of Virginia Nissen called as a witness by plaintiff. She was permitted to testify over the objections of counsel for defendant that she had been in defendant's store on Monday morning, January 27, 1947, and that the place was slippery at that time and that she was again in the store on March 14, 1947, and that the floor was in the same condition.

It will be observed that 42 or 43 days had elapsed between January 27th and the date of the accident. No evidence was offered to show that the condition of the floor on January 27th in any way resembled its condition on March 10th when plaintiff slipped and fell thereon. There is nothing of a continuous nature in the fact that on January 27th the floor of defendant was slippery as a result of the application of a floor dressing on it that would warrant a presumption it was slippery on the following March the 10th. Its very intrinsic impermanency unequivocally denies the existence of such a presumption.

■ Where the fact situation has inherent in it the likelihood of a change (as in this case) the testimony concerning the situation which is presumed to continue must be fairly close to the event to which it is presumed to continue. The more volatile the situation the nearer to the event must the observation be in order to have probative value. Jensen v. Logan City, 89 Utah 347, 57 P.2d 708, 711.

■ Under the circumstances of this case we know of no rule of evidence that would permit the admission of these statements in evidence without first showing by competent testimony that the condition of the floor on the previous date was substantially the same as it was on the date of the accident. Without this showing the condition of the floor on January 27th was entirely too remote to have any probative value whatever. The testimony of the witness relating to the condition of the floor on March 14th, four days after the accident falls in the same category and could not be received in evidence under any circumstances without first showing that the conditions were substantially the same. Such evidence was highly prejudicial to defendant and constitutes reversible error.

Judgment reversed and cause remanded for a new trial.

LA PRADE, C. J., and UDALL, STANFORD and DE CONCINI, JJ., concurring.