487 P.2d 424

Warren R. REED, a minor by his next friend, Warren L. Reed, and Warren L. Reed, Appellants,

v.

Donald G. HYDE, a minor by his next friend, James D. Hyde, and James D. Hyde, Appellees.

No. 1 CA–CIV 1256.

Court of Appeals of Arizona, Division 1, Department B.

July 26, 1971.

Rehearing Denied Sept. 23, 1971.

Review Denied Nov. 4, 1971.

Pain & Julian by Theodore A. Julian, Phoenix, for appellants.

Langerman, Begam & Lewis by Jack Levine, Phoenix, for appellees.

HAIRE, Judge.

On this appeal from the entry of an order granting the plaintiff-appellees a new trial on certain damage issues only, the defendant-appellants contend that (1) the trial court erred in granting the new trial on the damage issues, and (2) in any event, if a new trial was justified, it should have been granted on all issues, including both liability and damages.

After judgment had been entered on a jury verdict for the plaintiffs, the trial court granted plaintiffs a new trial solely on the issues of punitive damages and compensatory damages for injuries to the person of the minor plaintiff. The three stated grounds for the granting of the new trial were in essence as follows:

1. That the court erred in refusing to permit plaintiffs to introduce evidence concerning the fact that Warren R. Reed, a fifteen year old minor defendant, was driving without a license and in violation of the terms of his driving permit.

2. Improper argument of defense counsel concerning punitive damages, and

3. That the damages awarded for plaintiff's personal injuries were insufficient and contrary to the weight of the evidence.

The litigation involved an intersection collision between an automobile driven by Donald G. Hyde, the minor plaintiff, and one driven by Warren R. Reed, a fifteen year old driver who was a defendant as was his father who owned the car. At the time of the accident the car was being driven by the minor defendant with his father's permission. Although under the provisions of A.R.S. § 28–415 the minor defendant was required to be accompanied by a licensed operator at all times while driving, he was driving alone at the time of the accident. Without going into the details, suffice it to say that the facts relating to the accident were such that at the close of the evidence the trial court took the issue of defendant's negligence from the jury and held as a matter of law that the minor defendant was negligent, and submitted the question of plaintiff's contributory negligence,

compensatory damages and punitive damages to the jury. The jury returned a verdict for the plaintiff for compensatory property and personal injury damages, but did not award any punitive damages.

■ With the above factual and procedural background, we will consider first whether the trial court erred in granting a new trial on the issue of compensatory damages for personal injuries suffered by plaintiff, on the grounds that the damages were insufficient and contrary to the weight of the evidence.

In Cano v. Neill, 12 Ariz.App. 562, 473 P.2d 487 (1970), this Court reviewed in detail prior Arizona decisions relating to the basically discretionary role which the trial judge occupies in ruling on a motion for new trial. In that case we stated:

"Smith v. Moroney, 79 Ariz. 35, 282 P.2d 470 (1955), is one of the more fully articulated decisions of our Supreme Court in the area of new trial orders. Smith indicates that the trial judge must have carefully weighed the evidence and be convinced that the verdict is *contrary to the weight of the evidence* before he can grant a new trial on the state of the evidence; in other words, he cannot grant a new trial when the evidence merely balances on his mental scales. 79 Ariz. at 38, 282 P.2d at 472. But once the trial judge has exercised his discretion in favor of granting a new trial, his order will be affirmed even if in the view of the appellate court the evidence is merely 'equiponderant', i. e., evenly balanced on the mental scales of the appellate court. This rule is a corollary of the principle that the burden is upon the appellant to show affirmatively a manifest abuse of discretion. Thus, the order will be affirmed unless the appellate court finds the weight of the evidence to be *in favor of* the verdict. And in the weighing process, due regard must be given to the 'quality' or belief-inducing effect of the evidence, and not merely to numbers of witnesses and quantity of testimony."

(Emphasis in original). 12 Ariz.App. at 567, 473 P.2d at 492–493.

It is true that Cano involved the granting of a new trial where the jury had found no liability, whereas in the case now under consideration the new trial has been granted on the basis of the inadequacy of damages. However, we see no reason why the granting or denying of a motion for new trial based upon the inadequacy of damages should not be governed by the same principles. Granted that because of the nature of the imponderables which the jury must consider in assessing damages for personal injuries, there is a great latitude in the amount of damages which the jury might reasonably award. Nevertheless, even assuming a great range in jury options, there comes a point at both ends of the scale when the judge, in the prudent exercise of his discretion, is empowered to step in and grant a new trial. This point comes when it appears to him that the damages awarded are clearly below or beyond the limits justified by the weight of the evidence. The fact that the damage evidence is in conflict does not defeat this power and duty of the trial court so long as the probative force of the evidence does not clearly preponderate in favor of the verdict. State ex rel. Herman v. Hague, 10 Ariz.App. 404, 459 P.2d 321 (1969). Rather, in our opinion, the conflict in the evidence is merely one of the factors which the trial court must consider in deciding whether the situation is such as to call for the exercise by him of his discretionary power. It is true that in Hardy v. Southern Pacific Employees Association, Inc., 10 Ariz.App. 464, 459 P.2d 743 (1969), Division 2 of this Court, in considering the propriety of the granting of a new trial on the grounds that the damages awarded were the result of passion or prejudice, broadly stated that where there is conflicting evidence as to the extent of the plaintiff's injuries, it is a question for the jury. However, when this statement is considered in the context of the entire opinion, including the detailed review of the evidence set forth therein, it is clear that the Court did not intend to establish an un-

varying ironclad rule that the trial court can never consider the adequacy or inadequacy of the jury's award of damages when the evidence as to the extent of the plaintiff's injuries is in conflict. Rather, the Court merely found, based upon the evidence in Hardy, that the trial court had improperly exercised its discretion in granting the defendant a new trial. Our holding in this case is in accord with the general rule as stated in 6A, J. Moore, Federal Practice, paragraph 59.08 [6], at 3824 (2d ed. 1966), as follows:

> "Like a motion to set the verdict aside as against the weight of the evidence, a motion for a new trial on the ground that the verdict is inadequate or excessive is addressed to the sound discretion of the trial court." (Citations omitted).

It is not necessary to set forth a detailed review of the evidence in this case to demonstrate that the trial court did not abuse its discretion on the compensatory damage issue. Rather, it is only necessary to point out that the plaintiff's uncontested initial out-of-pocket medical expenses exceeded the damages awarded to him, even without considering other factors such as loss of earnings during his incapacity, pain and suffering, and possible future emotional and physical results of his injuries. We hold that the trial court did not abuse its discretion in awarding a new trial on the issue of compensatory damages for the minor plaintiff's personal injuries.

■ Inasmuch as the trial court also granted a new trial on the issue of punitive damages, it is necessary to discuss the two other grounds stated by the trial court in granting the motion for a new trial. As previously stated, one of these grounds was that defense counsel made an improper argument to the jury on the punitive damage issue. At the outset of the trial, counsel stipulated that any negligence or wilful misconduct on the part of the minor defendant driver could be imputed to his father

and that the jury could be so instructed. Notwithstanding this stipulation, defendant's counsel, over timely objection, was allowed to argue to the jury that the father should not be punished for the conduct of the minor defendant driver. Defense counsel contends that his remarks were required to offset the possible effect of plaintiff's highly questionable argument to the jury on the publicity which plaintiff would give to any punitive damages which the jury might award. However, in our opinion such argument was not justified, even assuming the impropriety of the remarks by plaintiff's counsel. We agree with the trial judge that defense counsel's argument was highly improper and prejudicial in view of the stipulation which had been entered into.

■ The other ground given by the trial court in support of the granting of the motion for new trial, and which particularly bears on the punitive damages issue, was that the court erred in refusing to permit plaintiff to introduce evidence concerning the fact that the minor defendant driver was driving in violation of the terms of his driving permit. We agree with the trial court. Neither Lutfy v. Lockhart, 37 Ariz. 488, 295 P. 975 (1931) nor Mutz v. Lucero, 90 Ariz. 38, 365 P.2d 49 (1961), both relied upon by defendants, preclude the introduction of evidence that the defendant driver was unlicensed under facts such as are here presented. There was strong, independent evidence of the minor defendant's negligence, and there were express statutory provisions under which the unlicensed defendant's negligence or wilful misconduct could be imputed to the defendant father who was the owner of the car. *See* A.R.S. § 28–417, subsec. B. In our opinion plaintiff was entitled to present to the jury by evidence, or by appropriate instruction if the facts were undisputed,[1] the factual predicate for the imputing of any negligence or wilful misconduct on the part of the minor driver to his father, the owner

---

1. Plaintiff's offered instruction setting forth this factual predicate was refused by the trial court. Had the instruction been given, the prejudicial effect of the trial court's failure to allow this evidence would have been lessened considerably.

of the car in order for the jury to intelligently assess, if they so desired, punitive damages against him.

 Defendant's final contention that if a new trial was warranted, it should have included the issue of liability as well as damages, must be rejected. Here the evidence of defendant's negligence was so strong that the trial court took the issue from the jury. On the other hand, the evidence of contributory negligence was practically nonexistent and the jury determination of the lack of contributory negligence on plaintiff's part was clearly in accord with the weight of the evidence. Under such circumstances, the provisions of Rule 59(h), Rules of Civil Procedure, 16 A.R. S., are particularly applicable.

The order appealed from is affirmed.

JACOBSON, P. J., and EUBANK, J., concur.