637 P.2d 726

**Dennis TAYLOR, surviving husband of Kathleen Taylor, deceased, Appellee, Cross-Appellant,**

v.

**SOUTHERN PACIFIC TRANSPORTATION COMPANY, a Delaware corporation; Wilbur L. Biggerstaff, Appellants, Cross-Appellees.**

No. 15330.

Supreme Court of Arizona, In Banc.

Nov. 4, 1981.

Rehearing Denied Dec. 15, 1981.

Haralson, Kinerk & Morey, P.C. by Dale Haralson, Tucson, for appellee-cross-appellant.

Evans, Kitchel & Jenckes, P.C. by Ralph J. Lester, Robert R. Mills, F. Pendleton Gaines, III, Phoenix, for appellants-cross-appellees.

CAMERON, Justice.

On 6 February 1979, a jury returned a verdict in favor of the plaintiff, Dennis Taylor, in a cause of action alleging that the defendants, Southern Pacific Transportation Company and Wilber L. Biggerstaff, had negligently caused the wrongful death of Taylor's wife. The jury found Southern Pacific liable for $7,000 in compensatory damages and $200 in exemplary damages. At the same time, the jury found Biggerstaff not liable. On 6 April 1979, the trial court issued an order granting a new trial to Taylor against both defendants on all issues. The trial court based its decision to grant a new trial on the misconduct of defendants' attorneys, and on a finding that the verdict was insufficient and the result of passion or prejudice on the part of the jury. Southern Pacific appeals from the order granting a new trial and assessment of costs, and Taylor cross-appeals from the failure of the trial court to impose sanctions for misconduct on the part of counsel for Southern Pacific. We have jurisdiction pursuant to Rule 19(e), Rules of Civil Appellate Procedure, 17A A.R.S.

We must answer the following questions on appeal:

1. Was the trial court correct in excluding evidence of Taylor's remarriage?
2. Did defendants' attorneys' actions in questioning Taylor contrary to the court's order in limine constitute misconduct?
3. Did the trial court err in granting Taylor's motion for a new trial?
4. Did the trial court properly assess costs against the defendant?
5. Was it error not to impose sanctions on defendants' attorneys?

The facts necessary for a determination of these issues are as follows. On 2 November 1974, a collision occurred at a railroad crossing between a train and a car driven by plaintiff, Dennis Taylor, in which his wife Kathy was a passenger. The train was owned by defendant, Southern Pacific Transportation Company, and was being operated by co-defendant Wilber Biggerstaff. Kathy Taylor died as a result of the accident, and Taylor filed suit against the defendants for negligently causing the wrongful death of his wife. At the time of the accident, Dennis and Kathy Taylor had been married for approximately two months.

Before trial, Taylor moved for an order in limine to prevent the defendants from mentioning Taylor's remarriage. The motion was granted. Upon violation of this order, Taylor moved for a mistrial and for sanctions. Taylor's motion was taken under advisement.

The trial then proceeded through nine more days of testimony. Evidence was introduced through expert testimony to show the amount of damages Taylor would suffer throughout his lifetime as a result of the loss of homemaking services and income that the deceased would have been expected to contribute to the marriage. After six days of deliberation, the jury returned a verdict finding Biggerstaff not liable, but finding in favor of Taylor against defendant Southern Pacific for $7,000 compensatory damages and $200 punitive damages.

Thereafter, the trial court granted Taylor's motion for new trial against both defendants on all issues finding that the verdict was insufficient and the result of passion or prejudice because of misconduct by defense counsel.

Defendant's motion to reconsider the order for new trial was accompanied by affidavits from all but two jurors stating that they "had no information and drew no conclusion as to the plaintiff's marital status," and that it "played no part in * * * deliberations or judgment." The affidavits were stricken and the motion to reconsider was denied.

## EVIDENCE OF REMARRIAGE IN WRONGFUL DEATH CASES

We must first consider whether the trial court erred in excluding evidence of

plaintiff's subsequent remarriage. Although this court has previously declined to express an opinion on the rule, *State v. Stone*, 104 Ariz. 339, 452 P.2d 513 (1969) and supplemental opinion, 452 P.2d at 518, the Court of Appeals has cited with approval the subsequent marriage exclusionary rule. *State v. Cress*, 22 Ariz.App. 490, 528 P.2d 876 (1974); *Hing v. Youtsey*, 10 Ariz.App. 540, 460 P.2d 646 (1969); *City of Phoenix v. Whiting*, 10 Ariz.App. 189, 457 P.2d 729 (1969). In affirming a decision of the trial court to exclude evidence of remarriage, the Court of Appeals stated:

"The great majority of the states hold that the limitation placed upon the City of Phoenix in connection with the trial of the case now under consideration was the correct ruling. (citations omitted) So far as we are informed, Wisconsin (citations omitted) and Mississippi (citations omitted) are the only states holding against the majority. Arizona's statutory measure of damages in a wrongful death action is found in A.R.S. § 12-613. In part, this section provides:

'In an action for wrongful death, the jury shall give such damages as it deems fair and just with reference to the injury resulting from the death to the surviving parties who may be entitled to recover, and also having regard to the mitigating or aggravating circumstances attending the wrongful act, neglect or default.'

"One member of the Department participating in this opinion urges the Wisconsin and the Mississippi rule, but the majority of those participating in this opinion urge the majority rule. We hold that there was no "error in refusing to permit the disclosure of Mr. Whiting's remarriage." *City of Phoenix v. Whiting*, supra, 10 Ariz.App. at 194, 457 P.2d at 734.

Arizona's wrongful death statute has not changed since *Whiting*, supra, and neither has the case law. Unlike statutes in other states that specifically allow for evidence of marriage to be introduced, see Fla.Stat. Ann. § 768.21(6)(c) (West) (1980 Supp.), our statute is silent on the issue.

Historically, the refusal to consider the surviving spouse's marital status in wrongful death cases has been attributed to three avenues of thought. One view is that damages should be calculated as of the time of death. See Comment, Remarriage and Wrongful Death, 50 Marq.L.Rev. 653 (1969). Another reason to exclude evidence of remarriage has been that the decedent's contributions relative to the contributions of the new spouse would be too speculative to calculate accurately. See e.g., *The City of Rome*, 48 F.2d 333 (2d Cir. 1930); *Hightower v. Dr. Pepper Bottling Co.*, (La.App.) 117 So.2d 642 (1959). Lastly, and most often, it is advanced that the collateral source rule, which disallows evidence of payments to the injured party from other sources to be credited against the tortfeasor's liability, should be invoked to exclude evidence of remarriage. See D. Dobbs, Remedies § 8.6 (1973); see also Annot., 87 A.L.R.2d 252 (1963); J. Stein, Damages and Recovery § 250 (1972); W. Prosser, Law of Torts 930–31 (3rd ed. 1964). Simply stated, the collateral source rule requires that:

"Payments made to or benefits conferred on the injured party from other sources are not credited against the tortfeasor's liability, although they cover all or a part of the harm for which the tortfeasor is liable." Restatement (Second) of Torts § 902(2) (1979). See also, *Michael v. Cole*, 122 Ariz. 450, 595 P.2d 995 (1979).

The collateral source rule is most often applied in cases where an injured party recovers from a tortfeasor amounts for which plaintiff has already been compensated by his insurer. Evidence of these collateral payments is not admissible to show mitigation of damages and the tortfeasor will be barred from arguing that the plaintiff has already been made whole for his losses by his own insurance company. See *Michael v. Cole*, supra. The rationale for this rule is that simply because the injured party might have provided by contract for reimbursement of medical expenses, it should not be used to lessen the tortfeasor's liability. There should be no windfall for a tortfeasor because he injured an insured

instead of a non-insured. Likewise, we believe a person guilty of wrongful death should not benefit from the spouse's remarriage. But see Shields & Giles, Remarriage and the Collateral Source Rule, 36 Ins. Counsel J. 354, 357 (1969). Remarriage of the spouse before the lawsuit is over should not result in a windfall for the person who negligently caused the death of the previous spouse. To so hold might well encourage a surviving spouse not to remarry until after the lawsuit for wrongful death is settled, not necessarily a socially desirable result. We see no need to change the law in Arizona that a plaintiff's remarriage is not admissible in a suit for wrongful death.

## MISCONDUCT OF DEFENDANTS' ATTORNEYS

■ Before trial and pursuant to Taylor's motion in limine, the trial court issued an order preventing the defendants from bringing up plaintiff's current marital status. The order read:

"IT IS FURTHER ORDERED granting plaintiff's oral motion in limine and ORDERING that the defendant not bring up the marital status of the plaintiff, until further Order of this Court."

On the first full day of testimony, defendant asked the following question of Dennis Taylor on cross-examination:

"Q * * * Now, are you implying that since Kathy's death you have done without homemaking services?"

Before the witness could answer and out of the hearing of the jury, the objection to the question was sustained. The court found that the question violated the pretrial order despite defendants' contention that the question sought to establish mitigation of damages and not the plaintiff's current marital status. After this bench conference, cross-examination of Mr. Taylor continued with the following question:

"Q * * * How many times have you been married, Mr. Taylor?"

Before he could answer, objection to the question was sustained. At a conference in chambers later that day, Taylor moved for a mistrial on the basis that defendants had again violated the in limine order and that the question posed on cross-examination created an impermissible inference that Taylor was currently married. The trial court ruled that the questions violated the in limine order.

On appeal the defendants contend that they were not guilty of misconduct since the questions did not violate the trial court's order, asserting that "evidence admissible for one purpose but not for another is nevertheless admissible." *Montgomery Ward & Co. v. Wright*, 70 Ariz. 319, 220 P.2d 225 (1950). Defendants further contend:

"The relevancy of that question is plainly and simply this—that a person who has experienced multiple marriages is likely to have suffered less grief from the loss of one than a person who has experienced and lost but one. The jury is entitled to take that into consideration."

Even if we were to agree that this statement of the law was correct, it does not excuse the fact that the trial court had ruled on the question and ordered the defendants to make no mention of Taylor's remarriage. The defendants are, in effect, trying to justify the violation of the trial court's order by arguing the wisdom of the order itself. This they may not do.

Neither are we persuaded that the purpose of the questions was unrelated to the evidence prohibited by the order of the court in limine. The evidence is sufficient from which the trial court could find that the questions were an attempt to evade the clear directions of the court. Instead of requesting permission out of the presence of the jury to ask the questions, counsel chose to ask them in the presence of the jury. This they did at their peril. We find no error.

## NEW TRIAL

■ The trial court granted Taylor's motion based upon misconduct, insufficiency of the evidence, and passion and prejudice on the part of the jury. A new trial may be granted for any of the reasons given by the

trial judge pursuant to paragraphs 2, 5 and 7 of Rule 59(a), Rules of Civil Procedure, 16 A.R.S. Since we find the misconduct of the prevailing party, Rule 59(a)(2), supra, sufficient for a new trial, we need not consider the other reasons given by the judge.

Misconduct may be a basis for granting a new trial. *Sanchez v. Stremel,* 95 Ariz. 392, 391 P.2d 557 (1964); *Reed v. Hyde,* 15 Ariz.App. 203, 487 P.2d 424 (1971). In reviewing a decision to grant a new trial, an appellate court will not reverse the trial court unless there is a clear abuse of discretion. The reason for the broad discretion granted trial judges in these matters has been stated as follows:

> "The judge sees the witnesses, hears the testimony, and has a special perspective of the relationship between the evidence and the verdict which cannot be recreated by a reviewing court from the printed record. For this reason he is accorded broad discretion in granting a new trial. * * *
>
> * * * * * *
>
> "Due to his unique position, the trial judge has become the primary buffer against unjust verdicts. He performs an indispensable function without which our system of justice could not hold out the promise of [a] uniform application of the law." *Reeves v. Markel,* 119 Ariz. 159, 163, 579 P.2d 1382, 1386 (1978).

In the instant case, we find no abuse of discretion on the part of the trial court.

Defendants contend, however, that the juror affidavits show that the question of remarriage played no part in the deliberations, and that they should have been considered. We do not agree. Our Rules of Evidence read:

> "(b) Inquiry into validity of verdict in civil action. Upon an inquiry into the validity of a verdict in a civil action, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon his or any other juror's mind or emotions as influencing him to assent or dissent from the verdict, or

concerning his mental processes in connection therewith, except that a juror may testify on the question whether "extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear upon any juror. Nor may his affidavit or evidence of any statement by him, concerning a matter about which he would be precluded from testifying, be received for these purposes." Rule 606(b), Arizona Rules of Evidence, 17A A.R.S.

Any disclosure of jury deliberations not within the exceptions of Rule 606(b), Arizona Rules of Evidence, 17A A.R.S., is strictly proscribed. Such disclosure is fraught with the opportunity for mischief, and the trial court was correct in refusing to consider evidence regarding deliberations of the jury in reaching a decision. We agree with the Court of Appeals that:

> "[A]ny matter discussed by the jurors in the sanctity of the jury room during the course of their deliberations will not be received to impeach a verdict. To permit the attack attempted here, would subject jurors to harassment by a defeated party in an effort to secure evidence of improper deliberations sufficient to set aside a verdict. We dare not open what, in the appellee's words, would be a 'Pandora's Box of slithering affidavits.' " *Valley National Bank of Arizona v. Haney,* 27 Ariz.App. 692, 694, 558 P.2d 720, 722 (1976).

The affidavits submitted by defendant contain disclosures not within the Rule 606(b) exceptions and will not be considered in the decision of this court. We find no error.

### COSTS

The trial court, in addition to granting plaintiff's motion for new trial, also awarded plaintiff's costs against the defendants pursuant to A.R.S. § 12–343(A). Defendants contend that the award of costs against them at the time of the granting of the motion for new trial was improper because A.R.S. § 12–343(A) allows for costs to

be awarded only *against*, not *for*, the party to whom a new trial is granted. We must agree. An earlier version of A.R.S. § 12–343(A) read as follows:

> "§ 1477. In new trials and on arrest of judgment. The costs of new trials may either abide the result of the action or may be taxed against the party to whom the new trial is granted, *or* may be adjudged by the court at the time of granting *such* new trial. When the judgment is arrested or the verdict set aside because of the insufficiency of the pleadings of the party in whose favor the verdict or judgment is rendered, the costs thereof shall be taxed against the party whose pleadings were adjudged insufficient." Section 1477, Revised Code of 1928. (emphasis added)

In the present statute the words "or" and "such" are deleted so that the statute now reads:

> "The costs of a new trial may either abide the result of the action or may be taxed against the party to whom a new trial is granted, as may be adjudged by the court at the time of granting a new trial." A.R.S. § 12–343(A).

In discussing the earlier statute, we stated:

> "In view of the language of the last sentence, we are inclined to think the legislature contemplated that, unless a new trial was clearly and palpably due to the specific error mentioned in that sentence, the matter was subject to the discretion of the court granting the new trial as to whether it should adjudge the costs against one or the other of the parties or leave them to abide the result of the action." *Durkee-Thomas Corp. v. Doherty*, 40 Ariz. 399, 403, 12 P.2d 617, 618 (1932).

■ The present statute (A.R.S. § 12–343(A)) omits the last sentence relied upon by this court in *Durkee-Thomas*, supra, and by removing the *or* and *such* from the rule, merely states that costs may be awarded "against" a party "to whom a new trial is granted." The trial court then has two options: it may assess costs for the new trial against the one making the motion ("to whom" the new trial is granted), or defer the matter and award costs to the eventual prevailing party. The trial court therefore erred in awarding costs to the plaintiff.

■ The trial court also erred in awarding costs for the completed trial at the time of the granting of the motion for new trial. The statute (A.R.S. § 12–343(A)) provides that "the costs *of a new trial* * * * may be adjudged by the court at the time of granting a new trial." It would appear that the trial court assessed costs for the initial trial and not the new trial. This he may not do and comply with the statute. He must await the second trial in order to assess costs. The order awarding costs of the initial trial to the plaintiff will have to be set aside and the matter remanded for further determination of costs consistent with this opinion.

In remanding the matter to the trial court for redetermination of costs for a new trial, we are aware of the unjust result the statute requires. As written, it would appear that no matter how blameless the party making the motion for new trial may be or how much fault lies at the door of the party causing the new trial to be granted, the costs of the new trial can only be assessed against the one making the motion unless the party making the motion happens to be the ultimately prevailing party. We believe that the costs for a new trial should not be based solely upon which party ultimately prevails, but rather should be borne by the person causing the new trial. That is, however, a matter for the legislature and not for this court to decide.

## SANCTIONS AGAINST DEFENDANT

Plaintiff Taylor cross-appealed claiming that the trial court's refusal to order sanctions against the defendants was error. Taylor contends on appeal that:

> " * * * where defense counsel wilfully engages in prejudicial misconduct and causes the innocent party to incur the expense of an induced mistrial, sufficient

equitable authority abides in the trial court to assess expenses, reasonable attorneys fees and/or exemplary damages against the offending party. * * * "

 It is the generally accepted rule that attorneys fees are not recoverable in either the same or subsequent suit unless specifically provided for by statute or by an agreement between the parties. *United States Fidelity & Guaranty Co. v. Frohmiller*, 71 Ariz. 377, 227 P.2d 1007 (1951). Taylor also concedes that there is no statutory authority that would allow a court to impose sanctions and grant attorneys fees in this instance. A noteworthy exception to this rule, however, is that:

"where the wrongful act of the defendant has involved the plaintiff in litigation with others or placed him in such relation with others as makes it necessary to incur expense to protect his interest, such costs and expenses, including attorneys' fees, should be treated as the legal consequences of the original wrongful act and may be recovered as damages." *United States v. Fidelity & Guaranty Co. v. Frohmiller*, supra, 71 Ariz. at 380, 227 P.2d at 1009 (quoting 15 Am.Jur. Damages § 144 (1938)).

We believe that for the defendants' conduct to fall within the above exception, there must be more than a mere lack of good faith. The plaintiff must show that the defendants acted vexatiously, wantonly, or for oppressive reasons. *Hall v. Cole*, 412 U.S. 1, 93 S.Ct. 1943, 36 L.Ed.2d 702 (1973). Where there is a complete and repeated disregard of a court order and where there is no reasonable justification for its breach, a court might, in its discretion, award attorneys fees as a sanction. See 6 J. Moore, Federal Practice ¶ 54.77(2) (2d ed. 1976). The integrity of the courtroom and the judicial process requires that the trial court have this remedy in exceptional circumstances.

 In the instant case, we do not feel that the plaintiff has met the burden of proving that the defendants' conduct was egregious enough to warrant the issuance of sanctions. Although the questions asked

by defense counsel may be viewed as having violated the trial court's order, we do not believe that the trial court abused its discretion in refusing to impose the sanctions requested. The fact that misconduct is sufficient to grant a motion for new trial does not mean that the conduct mandates the imposition of further sanctions.

The order granting a new trial is affirmed, the matter assessing costs is set aside, and the matter is remanded to the trial court for further proceedings consistent with this opinion.

STRUCKMEYER, C. J., HOLOHAN, V. C. J., and HAYS and GORDON, JJ., concur.