873 P.2d 684

Guadalupe MARTINEZ and Hermelinda
Martinez, husband and wife,
Plaintiffs–Appellees,

v.

SCHNEIDER ENTERPRISES, INC.,
a Pennsylvania corporation,
Defendant–Appellant.

No. 1 CA–CV 91–0597.

Court of Appeals of Arizona,
Division 1, Department D.

April 7, 1994.

As Corrected April 12, 1994.

Begam, Lewis, Marks, Wolfe & Dasse, P.A. by Thomas F. Dasse and Cora Perez, Phoenix, for plaintiffs-appellees.

Grossman, O'Grady & McGoldrick by Michael J. O'Grady, Evan S. Goldstein and Keith B. Forsyth, Scottsdale, for defendant-appellant.

## OPINION

CLABORNE, Judge.

Schneider Enterprises, Inc. ("Appellant") appeals a new trial order limited to the issue of damages. Three issues are raised on appeal: (1) whether the trial court specified with sufficient particularity the grounds upon which it granted the new trial; (2) whether the trial court acted within its discretion in granting the new trial; and (3) whether the trial court properly limited the new trial to the sole issue of damages. Because we find that the trial court properly stated the grounds upon which it ordered a new trial, and that it did not abuse its discretion in ordering a new trial nor in limiting the new trial to the issue of damages, we affirm.

## FACTS AND PROCEDURE BELOW

This is a products liability action based upon an injury Guadalupe Martinez ("Appellee") sustained while operating a scissor lift. A jury found in favor of Appellee and awarded $115,000 in damages. Appellee filed a motion for a new trial, and attached an affidavit of trial counsel attempting to impeach the jury verdict. The affidavit said that the jury felt it unnecessary to award an amount for medical expenses because they thought those expenses would have been covered by a private group health insurance carrier through Appellee's employer. The trial court granted the new trial solely on the issue of damages.

The new trial order said, "It is ordered granting [Appellee's] motion for new trial on damages only on the grounds that the damages are insufficient and that the verdict is not justified by the evidence." During oral argument on the motion for new trial, the trial court said:

I think $115,000.00 is low for [Appellee's] injuries. It's apparent to me that the jury did not award to him the full amount of the money that is necessary to compensate him for his injuries.

. . . .

Here's a man that is permanently injured. He has permanent pain and suffering. He has substantial loss of income prior to trial. There is evidence, although there was effective cross-examination of the economist, . . . on future loss of earning capacity.

. . . .

[The jury] didn't consider the full amount of the things that would be necessary to compensate [Appellee].

Appellant timely appealed the new trial order.

## DISCUSSION

### A. Standard of Review

■ "An order granting a new trial is subject to a more liberal standard of review than an order denying one." *Koepnick v. Sears Roebuck & Co.*, 158 Ariz. 322, 325, 762 P.2d 609, 612 (App.1988) (citation omitted). This Court will not overturn a trial court's grant of new trial absent a clear abuse of discretion. *Id.*

### B. Compliance with Arizona Rules of Civil Procedure 59(m)

■ Although it appears that Appellant conceded this issue during oral argument, we nonetheless address it on the merits. Appellant contends that because the trial court failed to state with particularity its basis for granting a new trial, the order is a nullity. Appellant alternatively argues that ·even if the new trial order is not a nullity, the burden should shift to Appellee to show that the trial court did not err in ordering a new trial. We disagree.

■ Arizona Rules of Civil Procedure 59(m) (1987) ("Rule 59(m)") provides that "[n]o order granting a new trial shall be made and entered unless the order specifies with particularity the ground or grounds on which the new trial is granted." Rule 59(m) compels the trial court to inform the parties and the appellate court of the grounds for its decision in order to facilitate the disposition of appeals by narrowing the issues. *Koepnick*, 158 Ariz. at 326, 762 P.2d at 613; *Liberatore v. Thompson*, 157 Ariz. 612, 616, 760 P.2d 612, 616 (App.1988).

■ Appellant supplied the trial court with the form of order which Appellant now claims failed to comply with Rule 59(m), and therefore cannot now complain of the error which it invited. *See Acheson v. Shafter*, 107 Ariz. 576, 490 P.2d 832 (1971). Furthermore, considered in the context of the record of the oral argument on the motion for new trial, the trial court's order meets the requirements of Rule 59(m). *Liberatore*, 157 Ariz. at 617–19, 760 P.2d at 617–19 ("We do not believe that our supreme court intends to require the trial judge to render a written opinion setting forth his rationale for granting a new trial motion or to undertake a lengthy review of the facts. Rule 59(m) is designed to serve a practical purpose and should receive a practical construction.") (Citations omitted.) The burden therefore remains with Appellant to affirmatively show that the trial court's stated reasons do not justify relief.

### C. Trial Court's Grant of New Trial

#### 1. Affidavit of plaintiff's counsel.

■ Appellant contends that the affidavit impeaching the jury verdict was improperly considered by the trial court and therefore taints the trial court's new trial order. We disagree. The trial court clearly could not consider the affidavit pursuant to Arizona Rules of Evidence 606(b) (Supp.1993).[1] Its

1. Rule 606(b) (Supp.1993) reads as follows:
   Upon an inquiry into the validity of a verdict in a civil action, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon that or any other juror's mind or emotions as influencing the juror to assent to or dissent from the verdict, or

concerning the juror's mental processes in connection therewith, except that a juror may testify on the question whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear upon any juror. *Nor may a juror's affidavit or evidence of any statement by the juror,*

submission to the trial court indicates a serious dearth of either competency or ethics. In either instance, such attorney misconduct should not have been tolerated by the trial court.

Nonetheless, the trial court specifically said that it "did not consider necessarily the affidavit of Mr. Golder." It further said that it "felt that [a new trial was necessary] right after the verdict came in; that something went awry." Furthermore, the trial court's stated reasons for ruling that the damages were insufficient differed from the content of the affidavit. Because we conclude that the trial court did not consider the improper affidavit, we will not disturb the new trial order.

■ Appellant argues that if the trial court felt that there should have been a new trial before reading the affidavit, i.e., as soon as the verdict came in, then it should have granted a new trial *sua sponte*. This argument is without merit. The trial court's right to order a new trial on its own motion pursuant to Arizona Rules of Civil Procedure 59(g) (1987) is completely discretionary. Furthermore, that rule does not require a trial court, if it deems the verdict improper, to rule on its own motion immediately after the jury has rendered the verdict. The trial court has fifteen days within which to order a new trial on its own motion. Ariz.R.Civ.P. 59(g).

2. Grounds for granting new trial.

■ This Court will not disturb a trial court's new trial order if it is justified by any of the grounds cited in the order. *Reeves v. Markle*, 119 Ariz. 159, 579 P.2d 1382 (1978). Here, the trial court granted a new trial because the damages were insufficient and the verdict was not justified by the evidence. Appellant contends that the trial court abused its discretion by granting a new trial because the evidence supported the jury verdict and the award did not justify a new trial in the absence of passion and prejudice. We disagree.

Sufficient evidence supported the trial court's new trial order. There was testimony that Appellant, as a result of his injury, had developed traumatic arthritic changes in his back that have permanently partially disabled him, which affected Appellant's employment and recreation activities. There was also testimony that his medical expenses and lost wages totalled approximately $75,000. Appellant still must wear a lumbosacral corset (a close fitting brace which protects the lumbar region) to provide external support for his back. According to the American Medical Association Guidelines, Appellant suffered a permanent disability rating of at least fourteen to fifteen per cent. Appellant also suffered a loss of earning capacity.

Appellant's argument concerning the necessity of finding passion and prejudice before ordering a new trial is without merit. A finding that the verdict is the result of passion or prejudice is only one of the grounds upon which a trial court may order a new trial. Ariz.R.Civ.P. 59(a) (Supp.1993). Because the trial court here based its new trial order on other grounds, it did not have to find that the verdict was the result of passion or prejudice before ordering a new trial.

We therefore find that the trial court did not abuse its discretion by ordering a new trial. *Koepnick v. Sears Roebuck & Co.*, 158 Ariz. at 325, 762 P.2d at 612.

D. Trial Court's Limitation of New Trial to Damages Only

■ A trial court can grant a new trial solely on the issue of damages where the issues of liability and damages are not so inextricably entwined that a fair trial could be given on the issue of damages alone. *See Saide v. Stanton*, 135 Ariz. 76, 79–80, 659 P.2d 35, 38–39 (1983). An order limiting a new trial to only part of the issues is within the sound discretion of the trial court and will not be overturned absent an abuse of that discretion. *Trus Joist Corp. v. Safeco Ins. Co. of Am.*, 153 Ariz. 95, 108, 735 P.2d 125, 138 (App.1986).

*concerning a matter about which the juror would be precluded from testifying, be received*

*for these purposes.*

Appellant contends that the trial court abused its discretion by limiting the new trial order to the sole issue of damages. We disagree. Here, the issues of liability and damages were not so "inextricably entwined" as to require a new trial on all issues. Furthermore, the determination of liability was in accord with the weight of the evidence. *See Reed v. Hyde*, 15 Ariz.App. 203, 207, 487 P.2d 424, 428 (1971).

Appellant also argues that a new trial on both liability and damages is required because the designation of Appellee's employer as a non-party at fault may have a bearing on the total damage award. Because Appellant did not raise this argument below, we will not consider it for the first time on appeal. *Stewart v. Mutual of Omaha Ins. Co.*, 169 Ariz. 99, 108, 817 P.2d 44, 53 (App. 1991).

Based on the foregoing reasons, we affirm.

GERBER and McGREGOR, JJ., concur.