# CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Flannagan

v.

Drs. Cochran
Eberly & Howe, P.C., et al.

January 31, 2005

Case No. (Law) CL04001057

BY JUDGE LISA B. KEMLER

This matter came to be heard on the Plaintiff's Motion in Limine to preclude evidence regarding her remarriage. The defendants, Drs. Cochran Eberly & Howe, P.C., Dr. Hindle, and the Association of Alexandria Radiologists, P.C., filed pleadings in opposition and, after hearing arguments of counsel, the Court took the matter under advisement.

The issue to be decided is whether, in this wrongful death action, it is proper to admit into evidence the fact that Madelyn H. Flannagan, the wife of the decedent, has remarried. It appears that this is a case of first impression in Virginia as there is no reported Virginia case addressing this issue. A review of the existing case law reveals that the majority of jurisdictions that have considered this issue have held that evidence of remarriage of a surviving spouse should not be considered by the jury in mitigation of pecuniary damages. The reasons that have been given to justify this position are as follows: (1) because the cause of wrongful death arises at the time of the decedent's death, the damages are calculated as of the time of death, (2) "the issue of the amount of pecuniary contribution by the new spouse is somewhat speculative since it involves not only a comparison with the former spouse's contribution but also whether the new marriage may be continuing," and (3) the collateral source rule should be applied to preclude evidence of remarriage. *Addair v. Bryant*, 168 W. Va. 306, 284 S.E.2d 374, 380 (1981).

2

*See also, Taylor v. Southern Pac. Transp. Co.*, 130 Ariz. 516, 637 P.2d 726, 729 (1981).

A minority of jurisdictions have permitted evidence of remarriage to be admitted but have done so with little or no discussion. *See Campbell v. Schmidt*, 195 So. 2d 87 (Miss. 1967); *Jensen v. Heritage Mutual Ins. Co.*, 23 Wis. 2d 344, 127 N.W.2d 228 (1964) ("The possibility of marriage or remarriage is always an element which is proper for the jury to consider in determining damages in a wrongful death action."). In Maryland, the fact of remarriage is admissible where solatium damages are sought. *See Plant v. Simmons Co.*, 321 F. Supp. 735, 741 (D. Md. 1970).

A number of courts have permitted the fact of the surviving spouse's remarriage to be admitted in order to preserve the integrity of the judicial process or in cases where the plaintiff has opened the door. *See Elmahdi v. Ethridge*, 987 S.W.2d 366, 369 (Mo. App. 1999) ("a defendant may mention the fact of the plaintiff's remarriage, although not the details about the new spouse's income or services, if necessary in order to correct a misimpression created by the plaintiff."); *Call v. Heard*, 925 S.W.2d 840, 852 (Mo. 1996) (Where a psychologist's report introduced by the plaintiff indicated that the plaintiff had found comfort in her remarriage, the Missouri Supreme Court, although holding that the error was harmless, ruled that the plaintiff had opened the door and the defendant should have been allowed to "further examine the subject.")

Based on the reasoning adopted by the courts that ascribe to the majority view, this Court is of the opinion that, in general, the fact of the plaintiff's remarriage is not admissible in a wrongful death action. However, the Court can conceive of instances where the plaintiff could "open the door" and evidence of her remarriage might constitute permissible impeachment evidence. In addition, evidence of the damages claimed by the decedent's son may relate to the fact that his mother has remarried making the fact of her remarriage relevant. Without knowing what evidence will be introduced at trial, it would be premature for the Court to rule on the admissibility of evidence relating to the plaintiff's remarriage. Therefore, the plaintiff's motion *in limine* is granted in part and denied in part. Specifically, the defendants shall be precluded from mentioning the fact of the plaintiff's remarriage during *voir dire* and in their opening statements. The defendants shall have leave to request that the Court admit evidence of remarriage during the course of the trial should, in their opinion, the testimony or other evidence provide a basis for its admissibility.